UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN MURPHY #19718-035          CIVIL ACTION NO. 22-cv-5293

VERSUS          JUDGE EDWARDS

SHERIFFS DEPT SABINE PARISH ET AL          MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

John Murphy ("Plaintiff"), a self-represented inmate, filed this civil rights action against Sabine Parish Sheriff's Deputy Don Flores and Assistant Warden Kaylynn Remedies based on claims of false arrest, unconstitutional conditions of confinement, and state law tort. Before the court is Defendants' Motion for Summary Judgment (Doc. 23), which Plaintiff has not opposed. For the reasons that follow, it is recommended that the motion be granted by dismissing most of the claims with prejudice and declining to exercise supplemental jurisdiction over some of the state law claims.

### Plaintiff's Allegations

Plaintiff alleged in his complaint that he was booked at the Sabine Parish Detention Center on October 28, 2021 on a charge of accessory after the fact to second-degree rape. Plaintiff alleged that defendant Don Flores "was the detective/investigator over this case" and that Plaintiff was never interviewed or questioned before his arrest.

According to Plaintiff's complaint, he was placed in a cell where he was held for 23 hours per day (during the four days he was jailed on this charge). Plaintiff alleged that he

asked defendant Assistant Warden Remedies why he was being housed in that manner, and she said it was, "Because you're a sexual predator." On that same day, he "was placed on" the sheriff's Facebook page and "[a]ll my information was placed in the local newspaper as well."

Plaintiff posted bail and was released from the accessory charge, but he was arrested on a new charge soon afterward on November 16, 2021. Plaintiff alleged in his complaint that he was placed on 23-hour lockdown on the order of Assistant Warden Remedies, who explained to Plaintiff that he was housed that way because there was another inmate in the facility who had killed a sex offender. Plaintiff asked to be treated like all of the other inmates, so Remedies allegedly asked C-Dorm inmate Calvin Longoria to pack his things to be moved. When Longoria asked why, Remedies allegedly said that it was because, "Murphy here is a sexual predator." Plaintiff alleged that "this case was dismissed" on December 1, 2021.

**False Arrest**

Plaintiff complains that he was falsely arrested on the first charge, accessory after the fact to second-degree rape. Defendants present evidence that the second arrest was on a charge of possession of Schedule II narcotics with intent to distribute, but Plaintiff does not appear to allege false arrest in connection with that charge. His focus is on being accused of a sex crime.

Don Flores submitted a declaration made pursuant to 28 U.S.C. § 1746, which is competent summary judgment evidence. He stated that he was a detective from 2017 through 2020, and it was in March 2020 that he responded to a call from the detention

center that an inmate, L.S., claimed that he and fellow inmate P.B. were the victims of rape. Flores began an investigation, and the alleged victims identified fellow inmates Plaintiff and G.T. as the rapists. P.B. told Flores that Plaintiff provided him commissary items and then forced P.B. to perform sex acts in compensation. L.S. also said that he was sexually assaulted by Plaintiff, but he said that Plaintiff was not responsible for the rape of P.B. Flores ultimately concluded, after conducting interviews and taking statements, that there was too much conflicting information to reach a conclusion on the allegations against Plaintiff. Flore wrote a report of his investigation and left the case open in the event additional information was obtained.

Flores was transferred to the narcotics division in July 2020, long before Plaintiff was arrested on the accessory charge. A couple of months later, in September 2020, another inmate at the detention center gave Flores a statement that Plaintiff did not rape anyone, but inmate G.T. forced his victims to frame Plaintiff under the threat of harm. Flores told an officer in the criminal investigations division about the new statement, and the investigation into the prior rape allegations was transferred to Deputy Chris Abrahams. Flores states that he was not involved in the investigation after it was transferred to Abrahams. He specifically states that he did not submit an affidavit to obtain an arrest warrant, and he played no part in Plaintiff's arrest. Assistant Warden Remedies states in her Section 1746 declaration that she "took no part in the investigation of allegations" against Plaintiff for rape or accessory after the fact.

"The Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 99 S.Ct. 2689, 2695 (1979). "The constitutional claim of false arrest requires

a showing of no probable cause." Club Retro, LLC v. Hilton, 568 F.3d 181, 204 (5th Cir. 2009). When the facts supporting an arrest are placed before an independent intermediary such as a judge or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulting the initiating party. Wilson v. Stroman, 33 F.4th 202, 208 (5th Cir. 2022). "Thus, a properly secured arrest warrant or grand jury indictment will shield a defendant who has committed or initiated a false arrest. Id. This is true even if the arrestee was never convicted of a crime. Id. Louisiana tort law also provides that "an arrest pursuant to a facially lawful arrest warrant cannot support a claim for false arrest." Morgan v. Richard, 305 So.3d 932, 935 (La. App. 3d Cir. 2020).

Deputy Flores has submitted evidence that he was involved only in the initial investigation and did not submit an affidavit to obtain a warrant or participate in the arrest of Plaintiff. Assistant Warden Remedies submits evidence that she played no role whatsoever in the arrest, and she attached to her declaration certified copies of records related to the investigation and arrest. Those records set forth the investigation conducted by Flores, including statements that were given to him by inmates. They also include an affidavit by Deputy Abrahams that he submitted to the state court in support of a warrant to arrest Plaintiff for accessory after the fact to second-degree rape. The affidavit stated that Plaintiff was present in the same cell with G.T. when that inmate forcibly raped another inmate, and Plaintiff did nothing to stop the act. Judge Steven Beasley issued the arrest warrant. The report shows that the arresting officers did not include Flores or Remedies.

The competent summary judgment evidence shows that, to the extent Flores could be considered to have initiated the arrest, the issuance of the arrest warrant shields him

from liability for false arrest under 42 U.S.C. § 1983 and Louisiana law. There are limited exceptions to the independent intermediary rule, but Plaintiff has not responded to the motion for summary judgment and urged that any of them are applicable. Both defendants should be granted summary judgment on any federal or state law claims of false arrest.

**Conditions of Confinement: Exhaustion of Administrative Remedies**

Petitioner alleged in his complaint that he was held in lockdown 23 hours a day during his two periods of incarceration. Defendants argue that any claim that the conditions of confinement were unconstitutional is barred by Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

Assistant Warden Remedies states in her declaration that an inmate at the detention center could submit a complaint through a kiosk system or by paper submission, and any such complaints or grievances would have been sent to her or the warden. Remedies states that Plaintiff never made a complaint during either of his two periods of incarceration. She does not describe the grievance procedure beyond that a complaint may be filed electronically or on paper and that the kiosk screen in each dorm states: "Inmates having any complaints should write the Assistant Warden/Warden a letter detailing the issue" and that, "Inmates have the right to report grievances without fear of reprisal." The summary judgment evidence submitted does not include any detail about how long an inmate has to file a grievance, how many steps are involved in the grievance procedure, and whether the administrative plan includes a provision for inmates who are released or transferred before the time expires for them to file a grievance.

Th Defendants' challenge is based on 42 U.S.C. § 1997e(a), which provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion is an affirmative defense, so the burden is on a defendant to demonstrate that the prisoner failed to exhaust available administrative remedies. Jones v. Bock, 127 S.Ct. 910 (2007). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).

The undersigned has explained that, in light of that burden, a motion for summary judgment that presents the exhaustion defense should include an affidavit from the official who administers the ARP system. That official should testify about the existence and terms of the ARP plan in place at the relevant time, perhaps attach a copy of the plan, attach copies of any filing that the prisoner did make (together with responses thereto), or certify that a diligent check of the record revealed no filing by the prisoner with respect to the claims at issue. Logan v. Whittington, 2020 WL 4812698 (W.D. La. 2020). A well-supported motion will also often include a form signed by the inmate that acknowledges receipt of the inmate handbook or being provided other information about the administrative remedy process. Stephens v. Prator, 2017 WL 3775953 (W.D. La. 2017).

Plaintiff was released from custody or transferred from the detention center after each of two short stays. It is not known how much time the ARP plan allowed for him to file a grievance based on his conditions or whether the plan included any provision for

Page 6 of 10

discharged or transferred inmates to file a grievance. Such issues have been explored in cases such as Hannah v. Bossier Parish Correctional Center, 2014 WL 2807647 (W.D. La. 2014).

The summary judgment evidence is not sufficient to determine that Defendants have established beyond peradventure that they are entitled to prevail on the exhaustion defense. The court will proceed to address the conditions of confinement claims on the merits.

**Conditions of Confinement: The Merits**

Constitutional claims by pretrial detainees can take two forms: (1) conditions of confinement or (2) episodic acts or omissions. Garcia v. City of Lubbock, 2023 WL 4636896, *8 (5th Cir. 2023). A condition of confinement case is an attack on general conditions of pretrial confinement. To prevail, a plaintiff must prove a condition or practice which was not reasonably related to a legitimate governmental objective and caused a violation of the detainee's constitutional rights. Garcia, citing Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) and Duvall v. Dallas County, 631 F.3d 203, 207 (5th Cir. 2011). When a claim is based on a jail official's episodic act or omission, the inquiry is whether the official acted with subjective deliberate indifference. This requires a showing that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and she also drew the inference. Sanchez v. Oliver, 995 F.3d 461, 473 (5th Cir. 2021). It does not appear that Louisiana law allows a detainee to make out a conditions claim under any lesser standard.

Assistant Warden Remedies states in her uncontested declaration that she placed Plaintiff on lockdown after his first arrest for the safety of himself and other inmates

because Plaintiff had been arrested for a sexual offense. The lockdown lasted only four days, after which Plaintiff posted bail and was released. There is no allegation or evidence that Plaintiff suffered any harm beyond perhaps inconvenience associated with this brief lockdown. Defendants are entitled to summary judgment with respect to this claim; there is no genuine issue of material fact that, if resolved in Plaintiff's favor, would allow a finding of a constitutional violation under the conditions of confinement or episodic act or omission standard.

With respect to the second period of detention, Plaintiff alleged that he was again placed on 23-hour lockdown on the order of Assistant Warden Remedies. He alleged that, when he saw her the next day, he asked to be housed elsewhere, and he was placed in a dorm. Remedies states in her declaration that Plaintiff was "not on 23-hour lockdown while incarcerated at SPDC from November 16, 2021, to December 14, 2021." This evidence that Plaintiff was not on lockdown during his second period of incarceration is uncontested, so there is no basis for a constitutional claim associated with Plaintiff's housing assignment during his second stay at the detention center. Defendants are entitled to summary judgment with respect to all federal and state law claims based on Plaintiff's conditions of confinement at the jail.

**Other State Law Claims**

Plaintiff alleged in his complaint that he was defamed and slandered in various ways. He also alleged that his wrongful arrest and related events caused him to be mistreated by some of his family and friends, which Defendants suggest may be an attempt to assert a state law tort claim of intentional infliction of emotional distress.

The court has supplemental jurisdiction over such state law claims based on 28 U.S.C. § 1367. The statute provides in Section 1367(c)(3) that the court may decline to exercise supplemental jurisdiction over state law claims after the claims on which original jurisdiction is based have been resolved. The general rule is that such state law claims should be dismissed once the federal claims have been dismissed. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). Some state law claims were addressed above because their elements were substantially similar to the federal claims under review. The same is not true with respect to the other state law claims, so the court should exercise its discretion to decline to exercise supplemental jurisdiction over those claims and dismiss them without prejudice.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 23) be granted as follows: (1) all federal and state law false arrest claims should be dismissed with prejudice; (2) all federal and state law claims based on Plaintiff's conditions of confinement at the detention center should be dismissed with prejudice; and (3) the court should decline to exercise supplemental jurisdiction over any remaining state law claims and dismiss them without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of April, 2024.

Mark L. Hornsby
U.S. Magistrate Judge